IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Ansel E. Boggs, Jr., ) | |
| ) | Civil Action No. 6:04-22456-26AK |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Fuji Photo Film, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on motion of the defendant, Fuji Photo Film, Inc., to dismiss pursuant to Rule 12(b)(6) or, alternatively, to strike paragraph 27 of the complaint pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

**FACTUAL AND PROCEDURAL BACKGROUND**

The plaintiff was hired by the defendant on February 5, 1996. The defendant published and distributed handbooks to employees and maintained employment policies of which employees were made aware, including a progressive discipline policy, an equal opportunity in employment policy, and a confidentiality policy. The confidentiality policy did not define "confidential information" in a manner that included salary information.

During his employment, the plaintiff became concerned about the wages and training that he received from the defendant as compared to the wages and training received by substantially younger co-workers. Based on these concerns, the plaintiff filed

a charge of employment discrimination against the defendant in which he alleged that the company had discriminated against him because of his age. During the investigation of the charge, the defendant submitted salary information to the investigating agency as support for its position. The EEOC issued a right-to-sue notice in 2002, and the plaintiff did not pursue litigation regarding the allegations of that charge. After his charge was dismissed, however, the plaintiff requested and received from the investigating agency information submitted by the defendant in response to the charge, including the salary information.

The plaintiff shared this salary information with his co-workers and admitted doing so to management employees. The plaintiff was terminated on February 19, 2003. The co-workers with whom he discussed the information were not terminated.

The plaintiff filed a second charge of discrimination, alleging the defendant retaliated against him for engaging in conduct protected by the federal law. The EEOC issued a right-to-sue notice on July 7, 2004. The plaintiff filed this action on October 4, 2004, alleging three separate claims: (1) retaliation in violation of the Age Discrimination in Employment Act; (2) breach of contract; and (3) breach of contract accompanied by a fraudulent act. On November 19, 2004, the defendant filed a motion to dismiss and/or strike.

## **ANALYSIS**

The defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) based on an argument that the plaintiff's claims are preempted by the National Labor Relations Act ("NLRA"). In the alternative, the defendant moves to strike Paragraph 27 of the Complaint pursuant to Rule 12(f) as a matter of law. The plaintiff opposes both motions.

***Motion To Dismiss***

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and would entitle him to no relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

The plaintiff has asserted three causes of action: (1) retaliation in violation of the ADEA, (2) breach of contract, and (3) breach of contract accompanied by a fraudulent act. Specifically, the plaintiff claims that he was discharged in retaliation for engaging in conduct protected by the ADEA (compl. ¶ 23); that his discharge "breached [the defendant's] contractual obligations in its handbooks and policies with respect to, *inter alia*, equal opportunity in employment, progressive discipline, and disclosure of information" (compl. ¶ 31); and that the breach was committed with dishonesty in fact and unfair dealing with the plaintiff (compl. ¶ 37). These claims are denominated as Count 1, Count 2 and Count 3, respectively, in the complaint. Although the plaintiff has not denominated a specific claim in which he asserts the defendant has violated the NLRA, he does allege that the defendant "knew or should have known that terminating employees for sharing salary information was violative of the National Labor Relations Act" (compl. ¶ 17). Based on this allegation, the defendant argues that the NLRA preempts the plaintiff's causes of action.

In *Richardson v. Kruchko & Fries*, 966 F.2d 153, 155 (4th Cir. 1992), the Fourth Circuit explained the "principles of labor preemption, which derive from *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959):"

> In the NLRA, Congress established a "comprehensive amalgam of substantive law and regulatory arrangements to govern labor-management relations affecting interstate commerce. A critical element of that amalgam is the NLRB's primary jurisdiction in interpreting and enforcing federal labor law.

> Labor preemption serves to ensure that state law does not frustrate either the substantive policies established by the NLRA or the regulatory mechanisms through which those policies are implemented.  The broad powers conferred by Congress upon the National Labor Relations Board to interpret and to enforce the federal labor laws necessarily imply that potentially conflicting rules of law, of remedy and of administration cannot be permitted to operate.  Centralized administration of specially designed procedures is necessary to obtain uniform application of the NLRA's substantive rules and to avoid the diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies.  State law affords an almost limitless variety of claims that could be asserted against the activities of both labor and management, and through the years both sides have invoked the principles of Garmon preemption to avoid the specter of inconsistent legal obligations procedures and remedies.
>
> The general contours of the labor preemption doctrine are clear and have been settled since Garmon: The basic rule is that, if the conduct that the state seeks to regulate is "actually and arguably" protected under NLRA § 7 or prohibited by NLRA § 8, then "otherwise applicable state law and procedures are ordinarily pre-empted."

966 F.2d at 155-56 (citations omitted).  The Fourth Circuit also explained that

> [t]here are two exceptions to this broad preemption principle.  First, state law is not preempted to the extent that "the conduct at issue is only a peripheral concern of the [NLRA]."  Second, preemption is inapplicable when "the conduct at issue touches on interests so deeply rooted in local feeling and responsibility that in the absence of compelling congressional direction, it could not be inferred that Congress intended to deprive the State of the power to act.

*Id.* at 156 n.1.

The plaintiff's first cause of action – retaliation in violation of the ADEA – clearly arises under a federal statute.  Because it is not a claim under state law, the NLRA does not preempt the plaintiff's first cause of action.  The defendant's motion to dismiss should be denied as to the plaintiff's ADEA claim.

4

In evaluating whether the plaintiff's remaining claims, i.e., his state law claims, are preempted by the NLRA, the question becomes whether "the conduct relied on to prove a crucial element in the state action is conduct arguably covered by the NLRA." *Richardson*, 966 F.2d at 157 (quoting *Lumber Prod. Indus. Workers Local # 1054 v. West Coast Indus. Relations Ass'n,* 775 F.2d 1042, 1049 (9th Cir. 1985)). In other words, would the conduct at issue in the state law claim give rise to an unfair labor practice complaint before the NLRB? If so, it is preempted by the NLRA.

Here, unlike the plaintiff in *Papa v. Truland Sys. Corp.*, 162 F.3d 1155 (4th Cir. 1998) – an unpublished opinion cited by both parties as support for their positions – the plaintiff does not allege that the "real reason" he was wrongfully terminated was for discussing salary information. Rather, accepting the facts of the complaint as true for purposes of this motion, he alleges that the "real reason" he was terminated was as retaliation for engaging in activity protected by the ADEA because he was terminated while the coworkers with whom he discussed the information were not (compl. ¶ 18). His state law claims for breach of contract and breach of contract accompanied by a fraudulent act accuse the defendant of not complying with its own policies regarding equal opportunity in employment, progressive discipline, termination of employees, and disclosure of confidential information (compl. ¶¶ 27-31). To establish a breach of contract, the plaintiff must establish that a policy existed which altered his status as an at-will employee and that the defendant did not comply with that policy. It is not necessary with respect to either state law claim for the plaintiff to prove a violation of the NLRA, nor do these claims rely on conduct covered by the NLRA. Thus, these issues are peripheral to the NLRA and preemption is not appropriate. Accordingly, the defendant's motion to dismiss the plaintiff's state law claims should be denied.

*Motion To Strike*

>Rule 12(f) of the Federal Rules of Civil Procedure provides:
>
>Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike may serve a valuable purpose when they allow courts and parties to avoid wasting time and resources on immaterial matters. "Such motions are disfavored, however, and usually should be denied unless the allegations 'have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Graff v. Prime Retail, Inc.*, 172 F.Supp.2d 721, 731 (D.Md. 2001) (quoting 5A Wright & Miller, *Federal Practice and Procedure* §1382 (2d ed. 1990).

The defendant argues that paragraph 27 of the complaint should be stricken "because the South Carolina Supreme Court has held that recitations of statutory obligations, in a handbook or policy manual, cannot constitute an implied contract, as a matter of law." As authority for this position, the defendant directs the court to *Hessenthaler v. Tri-County Sister Help, Inc.*, __ S.E.2d. __, 2004 WL 2377863 (S.C. Oct. 18, 2004) (withdrawing and superseding 2003 WL 21057174 (S.C. May 12, 2003)). The plaintiff, however, argues that the *Hessenthaler* decision "holds no such thing." The plaintiff is correct; the *Hessenthaler* decision issued by the South Carolina Supreme Court upon rehearing does not refer to or otherwise discuss the recitation of statutory obligations in handbook policies or manuals.

The defendant's reliance on *Abraham v. Palmetto Unified School District No. 1*, 538 S.E.2d 656, 660-61 (S.C. Ct. App. 2000), is similarly misplaced. There, the plaintiffs were seeking to rely on the actual "statutory provisions governing compensation, salary

6

adjustments, and annual leave," and not recitations of those statutory obligations as set forth in an employee handbook or policy manual. *Id.* at 660. Accordingly, *Abraham* does not speak to the issue for which the defendant cites it as support.

Without more, the defendant has failed to establish that the allegations set forth in paragraph 27 of the complaint are redundant, immaterial, impertinent, or scandalous. *See* F.R.C.P. 12(f). Accordingly, the defendant's motion to strike paragraph 27 of the complaint should be denied.

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, it is recommended that the defendant's motion to dismiss or, in the alternative, to strike be denied.

> s/William M. Catoe
> United States Magistrate Judge

April 5, 2005

Greenville, South Carolina