

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| ANSEL E. BOGGS, JR.,<br>    Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 6:04-22456-HFF-WMC<br>§ |
| FUJI PHOTO FILM, INC.,<br>    Defendant. | §<br>§<br>§ |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case was filed as an employment discrimination action. The parties are represented by excellent counsel.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that 1) Defendant's Motion for Summary Judgment be granted as to Plaintiff's federal claim and 2) the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 13, 2006. Plaintiff filed his objections to the Report on December 1, 2006, and Defendant filed its reply to the objections on December 14, 2006. The Court has made a de novo review of those portions of the Report to which Plaintiff objects, but finds the objections to be without merit.

Simply stated, and as observed by the Magistrate Judge,

> The evidence shows that the defendant treated information about other associates' compensation as confidential, and the plaintiff had notice of this fact. Nonetheless, the plaintiff shared the information that he had obtained through his EEOC charge with his co-workers, which violated the confidentiality agreement he had signed. The plaintiff has failed to show that the defendant's termination of the plaintiff's employment on this basis was pretext for retaliation.

(Report 13-14.)

This Court originally had jurisdiction over Plaintiff's state claims against Defendant pursuant to 28 U.S.C. §1367. Section 1367(c)(3) provides, however, that the Court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction."

District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In its discretion, the Court has considered "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110. Having carefully weighed those factors, the Court is of the opinion that it should decline to exercise jurisdiction over Plaintiff's state claims.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Defendant's Motion for Summary Judgment be **GRANTED** as to Plaintiff's federal claim. Moreover, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED**.

Signed this 6th day of March, 2007, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE